UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRYL THORNTON and MARY THORNTON, | ) ) ) |
| Plaintiffs, | ) Case No. 12-cv-07506 |
| v. | ) ) Judge John W. Darrah |
| FLAGSTAR BANK, FSB, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Darryl Thornton and Mary Thornton, have filed an Amended Complaint against Defendant, Flagstar Bank, FSB, for alleged violations of their Constitutional rights and of the Fair Debt Collections Practices Act ("FDCPA"). Defendant has moved to dismiss the Amended Complaint for lack of subject-matter jurisdiction and for failure to state a cause of action, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiffs have failed to respond. Defendant's Motion to Dismiss is granted based on the reasons discussed below.

## BACKGROUND

This case arises from Defendant's foreclosure of a mortgage executed by Plaintiff Darryl Thornton. On September 16, 2011, Defendant obtained a judgment of foreclosure and sale of the subject real estate in Cook County, Illinois, case no. 11-CH-8829. (Def.'s Mot. Ex. 4.) On August 2, 2012, Defendant obtained a court order that approved and confirmed the foreclosure sale. (Def.'s Mot. Ex. 5.) Between the September 16, 2011 judgment and the August 2, 2012 order, Plaintiff Darryl Thornton appears to have executed a quitclaim deed for the subject property to Plaintiff Mary Thornton. (Def.'s Mot. Ex. 6.)

Proceeding *pro se*, Plaintiffs filed their first Complaint against Defendant, asserting claims under 42 U.S.C. §§ 1983, 1985, and 1986 purportedly for a violation of civil rights related to the foreclosure. In that Complaint, Plaintiffs requested a quiet title determination and a declaration of the parties' rights and duties regarding the foreclosure. After Defendant moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim, Plaintiffs were granted leave to file an Amended Complaint, which they did on March 14, 2013.

In their Amended Complaint, Plaintiffs allege that Defendant violated federal law by foreclosing on their property under "several constitutional amendments such as the fifth amendment [*sic*] right to due process of law and fourteenth amendment [*sic*] right to equal protection by the law." (Am. Compl. ¶¶ 1, 7.) Plaintiffs also claim that Defendant violated the FDCPA. (*Id*. ¶ 7.) Although most of Plaintiffs' allegations are difficult or impossible to understand, it appears the focus of Plaintiffs' claims is that "Defendant's [*sic*] have an unsecured debt which was unsecured when the note and mortgage was separated during the securitization of the debt." (*Id.* ¶ 1.) Plaintiffs request a hearing on the "issue of collecting and forcing Plaintiffs out of their home when Defendant's [*sic*] 'knew or should have known' that after the note and mortgage were separated they had no standing to foreclose due to their 'status' as 'unsecured' debt position" and also request a declaratory judgment that Defendant is in "a position of 'unsecured' debt collector." (*Id.* ¶ 7.)

Defendant has moved to dismiss Plaintiffs' Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and under Rule 12(b)(1) for lack of subject-matter jurisdiction, pursuant to the *Rooker-Feldman* doctrine. Plaintiffs have failed to respond to the Motion.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint "must overcome two easy-to-clear hurdles": (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests"; and (2) "its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (citation and internal quotation marks omitted). Under Federal Rule 8, a complaint does not need to have "'detailed factual allegations'" but must have "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Therefore, only a complaint "that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S.Ct. at 1950. In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall–Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). However, this is inapplicable to legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

Federal Rule of Civil Procedure 12(b)(1) allows a party to raise as a defense, by motion, a federal court's lack of subject-matter jurisdiction. As with a Rule 12(b)(6) motion, the district court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). However, surviving a Rule 12(b)(1) motion to dismiss is more difficult than a 12(b)(6) motion because the plaintiff bears the burden of establishing jurisdiction. *Lujan v. Defenders of Wildlife*,

504 U.S. 555, 561 (1992); *see also United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). A plaintiff must support its allegations with competent proof of jurisdictional facts. *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). If necessary, a district court may also look beyond the jurisdictional allegations to evidence outside of the pleadings to determine whether federal subject-matter jurisdiction exists. *St. John's*, 502 F.3d at 616.

A *pro se* complaint is liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Despite the deferential standard for *pro se* litigants, the pleadings still must comply with the procedural rules governing them, *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), and the complaint still must be "otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).

## ANALYSIS

### *Plaintiffs Have Failed to Respond to the Motion*

By failing to respond to Defendant's Motion, Plaintiffs have, in effect, waived any arguments in opposition. It is well established that failure to respond to an argument results in a waiver of that argument. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). This rule applies where "a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss." *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). In this case, Plaintiffs have failed to respond to Defendants' Motion and have effectively abandoned litigation of their claims. Therefore, dismissal is appropriate.

*Plaintiffs Have Failed to State a Claim*

Plaintiffs' Amended Complaint also fails on its merits for several reasons. First, Plaintiffs' Amended Complaint relies upon vague conclusions that fail to state a claim under Rule 12(b)(6). Indeed, it is extremely difficult to decipher Plaintiffs' allegations. Plaintiffs refer to the FDCPA but do not allege any facts that would support such a claim. To state a successful claim under the FDCPA, Defendant would have to be a debt collector rather than a creditor, and Plaintiffs have not alleged any facts showing that Defendant was a debt collector. *See Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003). Likewise, Plaintiffs' vague allegations that Defendant "separated the note and mortgage, hence the debt owed to Defendant's [sic] is an unsecured debt" is insufficient to state any constitutional claim under the Fifth or Fourteenth Amendments.

Plaintiffs' Amended Complaint does not sufficiently describe their claims so as to put Defendant on fair notice. *Tamayo*, 526 F.3d at 1084. Consequently, dismissal of the Amended Complaint is appropriate under Rule 12(b)(6).

*Rooker-Feldman Doctrine Requires Dismissal of Plaintiffs' Claim*

Furthermore, Plaintiffs' Amended Complaint must be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine limits federal jurisdiction by preventing "lower federal courts from reviewing state-court judgments, over which only the United States Supreme Court has federal appellate jurisdiction." *Commonwealth Plaza Condominium Ass'n v. City of Chicago,* 693 F.3d 743, 745 (7th Cir. 2012) (quoting *Crawford v. Countrywide Home Loans, Inc.,* 647 F.3d 642, 645 (7th Cir. 2011)). "This narrow doctrine deprives federal district and circuit courts of jurisdiction to hear 'cases brought by state court losers complaining of injuries caused by state court judgments

rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Commonwealth Plaza Condominium Ass'n*, 693 F.3d at 745 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). With respect to mortgage foreclosure proceedings, the *Rooker-Feldman* doctrine prohibits federal courts from having subject-matter jurisdiction to hear *de facto* appeals from mortgagors that necessarily challenge the state court action. *Reed v. Makowiecki*, 448 Fed.Appx. 613, 615 (7th Cir. 2011); *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646-47 (7th Cir. 2011).

In the present case, Plaintiffs' Amended Complaint attacks the state court's judgment of foreclosure and sale rendered against Plaintiffs. Plaintiffs' allegations center on the state court foreclosure and whether Defendant properly foreclosed upon Plaintiffs' mortgage; the state court judgment and order approving the sale of the foreclosed property are clearly the cause of Plaintiffs' alleged injuries. Because Plaintiffs could have raised any of these issues in the state court action, the *Rooker-Feldman* doctrine bars subject-matter jurisdiction over this action.[1]

Consequently, the Amended Complaint must be dismissed under 12(b)(1); and dismissal with prejudice is warranted in this case. Because this Court lacks subject-matter jurisdiction, it is clear that additional amendments would be futile. Additionally, Plaintiffs have effectively abandoned their claims by failing to respond to Defendant's Motion, and after having one chance already to amend their Complaint, it is clear that Plaintiffs are unable or unwilling to further prosecute their claims.

---

[1] Defendant has also asserted the doctrine of *res judicata* as an additional basis for dismissal of Plaintiffs' First Amended Complaint. However, in light of the Court's ruling, it is unnecessary to reach this issue.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [21] is granted. Because this Court lacks subject matter-jurisdiction pursuant to Rule 12(b)(1) and because Plaintiffs have failed to respond to Defendant's Motion, Plaintiffs' Amended Complaint is dismissed with prejudice.

Date:  August 21, 2013

JOHN W. DARRAH
United States District Court Judge